

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00049-CR

MARTEZ CARRIGAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 18F0942-102

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

Martez Carrigan was indicted on the first-degree-felony charge of aggravated robbery.[1] Pursuant to a plea bargain with the State, Carrigan pled guilty to a reduced charge of robbery,[2] a second-degree felony, in exchange for the State's recommendation—agreed to by Carrigan—that he be sentenced to twenty years' incarceration. The trial court accepted Carrigan's plea and accepted the sentencing recommendation. Carrigan was sentenced to twenty years' incarceration. Carrigan timely filed a notice of appeal. Because we find that we are without jurisdiction over this case as a result of Carrigan's plea bargain with the State, we will dismiss this appeal for want of jurisdiction.

The Texas Legislature has granted a very limited right of appeal in plea bargain cases. Rule 25.2 of the Texas Rules of Appellate Procedure details that right as follows:

> (2)     . . . . In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
>
> (A)     those matters that were raised by written motion filed and ruled on before trial, or
>
> (B)     after getting the trial court's permission to appeal.

TEX. R. APP. P. 25.2(a)(2). There is no indication in the record before this Court that Carrigan either (1) filed a motion that was ruled on before trial or (2) obtained the trial court's permission

---

[1]TEX. PENAL CODE ANN. § 29.03 (West 2019).

[2]TEX. PENAL CODE ANN. § 29.02 (West 2019).

to appeal. To the contrary, the trial court's certification of Carrigan's right of appeal indicates that he has no right of appeal. Pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure, this Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates no right of appeal. *See* TEX. R. APP. P. 25.2(d).

On April 10, 2019, we informed Carrigan of the apparent defect in our jurisdiction over his appeal and afforded him an opportunity to respond and, if possible, cure such defect. Carrigan provided no response to our communication.

Because Carrigan has no right of appeal as a result of his plea bargain with the State, and because the trial court's certification correctly indicates that Carrigan is without a right of appeal, we dismiss this appeal for want of jurisdiction.

Ralph K. Burgess
Justice

Date Submitted:    May 7, 2019
Date Decided:      May 8, 2019

Do Not Publish

3